IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WILLIAM W. SPENCER, JR., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-161 |
| ASHTON B. CARTER, Secretary of Defense, U.S. Department of Defense, | * | |
| Defendant. | * | |

\*\*\*\*\*\*

Pending in this employment discrimination case is Defendant's motion to dismiss for lack of subject matter jurisdiction. ECF No. 10.[1] The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. For the following reasons, the motion will be GRANTED.

I.   BACKGROUND

Unless otherwise noted, the facts outlined here are construed in the light most favorable to Plaintiff, the nonmoving party.

At all relevant times, Plaintiff William W. Spencer, Jr. ("Plaintiff") was employed by the U.S. Department of Defense ("DoD" or "Agency") as a telecommunications specialist in the Defense Information Systems Agency ("DISA"). In this position, Plaintiff was required to maintain a secret security clearance as a condition of employment. ECF No. 10-1.

---

[1] On July 11, 2016, Plaintiff moved for leave to file an amended memorandum in opposition to Defendant's motion to dismiss. ECF No. 13. Plaintiff's proposed amended memorandum does not contain any substantive changes or additions to his original memorandum. His amended memorandum simply corrects a few grammatical. Because Defendant has not opposed this motion, and because the amended memorandum does not alter the substance of Plaintiff's original memorandum, this Court grants Plaintiff's motion at ECF 13.

Plaintiff has been a federal employee since 1969, starting as a supply clerk with DISA's predecessor, the Defense Communications Agency. ECF No. 13-1 at 4. Throughout his employment, Plaintiff has "repeatedly opposed the Agency's discriminatory practices," filing several EEOC complaints against the government in an attempt to combat the United States' "racial bias." *Id.* at 1, 4.

In December 2006, the Office of Personnel Management ("OPM") conducted a periodic reevaluation of Plaintiff that raised questions regarding his fitness to maintain his security clearance. Plaintiff alleges that his supervisors were aware that he had previously filed EEOC complaints against the government, and claims that as a result, his supervisors falsely told OPM during its investigation that Plaintiff had "violent tendencies, a history of domestic abuse, and/or a need for psychiatric evaluation" so that Plaintiff's security clearance could be revoked. ECF No. 13-1 at 5–6.

OPM sent the results of its investigation to the Washington Headquarters Service Central Adjudication Facility ("WHS/CAF") for final adjudication. WHS/CAF sent Plaintiff a Request for Medical/Psychiatric Evaluation in October 2007, and in January 2008, DISA notified WHS/CAF that Plaintiff was scheduled twice for an evaluation and that he did not attend either appointment. ECF No. 10-1 at 2.

In February 2008, WHS/CAF notified Plaintiff that his security clearance was being tentatively revoked. Plaintiff received a proposed indefinite suspension pending a final decision from WHS/CAF regarding his security clearance in March 2008. He appealed the tentative revocation decision and, in March 2009, the WHS/CAF Clearance Appeal Board affirmed the decision to revoke Plaintiff's security clearance. In April 2009, WHS/CAF revoked Plaintiff's security clearance.

In June 2009, DISA issued to Plaintiff a Notice of Proposed Removal for failure to maintain a security clearance, which is a necessary qualification for employment with the Agency. In July 2009, the Agency issued to Plaintiff a Decision on Proposed Removal, advising him that the effective date of his removal would be August 7, 2009. Plaintiff's employment was terminated on August 7, 2009.

On September 26, 2009, Plaintiff filed a formal EEO complaint that alleged discrimination and retaliation arising from his removal. ECF No. 13-1 at 2. The Agency dismissed the formal complaint on grounds that Plaintiff failed to participate in the informal EEO counseling process. *Id.* Plaintiff subsequently appealed the dismissal. The EEOC's Office of Federal Operations ("OFO") reversed the dismissal and remanded the complaint to the Agency for further processing. *Id.* On November 2, 2011, Plaintiff filed another formal EEO complaint arising from his removal. *Id.* at 3.

The EEOC Administrative Judge issued an order granting DISA's motion to dismiss the complaint in July 2013. A month later, DISA issued a Final Agency Decision implementing the Administrative Judge's decision. Plaintiff appealed the Administrative Judge's decision to the OFO. On February 19, 2015, the OFO affirmed DISA's Final Order. Plaintiff requested reconsideration and, on October 15, 2015, the OFO denied the request.

The EEOC issued Plaintiff a Right to Sue letter on October 15, 2015. On January 14, 2016, Plaintiff filed a Complaint in this Court, alleging Defendant violated Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, and the Americans with Disabilities Act of 1990. ECF No. 1. The crux of Plaintiff's Complaint is that during OPM's reevaluation of Plaintiff, Plaintiff's supervisors "provided inaccurate and/or false information to the Agency security officials" in retaliation for Plaintiff's participation in EEO opposition

activity against the Agency. *Id.* at 2. His supervisor's false information caused Plaintiff to lose his security clearance. All claims are asserted against Defendant, Ashton B. Carter, in his official capacity as Secretary of Defense.

## II.     STANDARD OF REVIEW

Defendant's motion to dismiss for lack of subject matter jurisdiction is governed by Rule 12(b)(1). Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens–Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir.1999) (quoting 2 James Wm. Moore, et al., *Moore's Federal Practice* § 12.30[1] (3d ed.1998)). The Plaintiff always bears the burden of proving that subject matter jurisdiction properly exists in federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In considering a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. The court should grant such a motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

## III.    ANALYSIS

Defendant argues that Plaintiff's Complaint must be dismissed because this Court lacks subject matter jurisdiction to review the Agency's decision to revoke Plaintiff's security clearance, which was the basis of his removal from employment. To support his argument, Defendant relies on the Supreme Court's decision in *Department of Navy v. Egan*, 484 U.S. 518 (1988) and its progeny. In *Egan*, the Supreme Court held that the Merit Systems Protection Board did not have authority to review the substance of an underlying security-clearance

determination in the course of reviewing an adverse action. *Id.* at 823–27. The *Egan* Court reasoned that the general proposition of administrative law favoring appellate review "runs aground when it encounters concerns of national security . . . where the grant of security clearance to a particular employee, a sensitive and inherently discretionary judgment call, is committed by law to the appropriate agency of the Executive Branch." *Id.* at 526–27. "Thus, unless Congress specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs." *Id.* at 530.

The Fourth Circuit has interpreted *Egan* as a broad restriction on the subject matter jurisdiction of courts in security clearance disputes. *See Reinbold v. Evers*, 187 F.3d 348, 357–58 (4th Cir. 2005) ("[U]nder our circuit precedent, in the absence of a specific mandate from Congress providing otherwise, *Egan* deprives the federal courts of subject-matter jurisdiction to review an agency's security clearance decision"). The Fourth Circuit has specifically applied *Egan* in the Title VII context. *See, e.g.*, *Becerra v. Dalton*, 94 F.3d 145, 149 (4th Cir. 1996) ("We agree that there is no unmistakable expression of purpose by Congress in Title VII to subject the decision of the Navy to revoke [Plaintiff's] security clearance to judicial scrutiny."); *see also Simmington v. Gates*, No. CIVA DKC 08-3169, 2010 WL 1346462 (D. Md. Mar. 30, 2010).

Plaintiff implicitly concedes that this Court lacks subject-matter jurisdiction to review an agency's security clearance decision. ECF No. 13-1 at 8. He instead cites *Rattigan v. Holder*, 689 F.3d 764 (D.C. Cir. 2012), arguing that case provides an exception to *Egan*, allowing courts to review the decisions of the employees who reported security concerns about the Plaintiff where Plaintiff can demonstrate that "agency employees acted with a retaliatory or discriminatory motive in reporting or referring information that they knew to be false." *Id.* at 771.

Although this Court notes that *Rattigan* stands alone in providing narrow judicial review of Executive Branch security clearance decisions, the Court need not pass on the wisdom of *Rattigan* because Plaintiff's claims are forestalled by this Circuit's binding precedent in *Bacerra v. Dalton*, 94 F.3d 145 (1996). In *Bacerra*, Plaintiff complained that the Navy's review of his security clearance was "based on confidential information that Bacerra claims the Navy knew or should have known was false." *Bacerra*, 94 F.3d at 148. Bacerra further complained, as does Plaintiff here, that "the instigation of the security check that eventually led to the revocation of his security clearance and the loss of his job was impermissible retaliation for filing his EEO complaints." *Id.*

The Fourth Circuit held that *Egan* squarely applied to the "*instigation* of the investigation into the security clearance as a form of retaliation," and noted "that the distinction between the initiation of a security investigation and the denial of a security clearance is a distinction without a difference," *Bacerra*, 94 F.3d at 149 (emphasis in original). Accordingly, the *Bacerra* court held it was without jurisdiction to review Plaintiff's revocation of Plaintiff's security clearance based on knowingly false information which formed the basis of his Title VII retaliation claim. *Id.* at 149. "Unless Congress specifically has provided otherwise," noted *Bacerra*, "the courts will not intrude upon the President's authority to grant to deny access to national security information." *Id. See also Simmington*, 2010 WL 1346462, at *14. *Clarke v. DynCorp Int'l, LLC*, No. CIV. JFM-12-03267, 2014 WL 4269075, at *4 (D. Md. Aug. 28, 2014); *Muir v. Applied Integrated Techs., Inc.*, No. CIV.A. DKC 13-0808, 2013 WL 6200178, at *7 (D. Md. Nov. 26, 2013) (noting that *Becerra* extended the *Egan* rule to preclude review of the initiation of the security investigation in addition to the security clearance determination itself).

Here, Plaintiff's claims are strikingly similar to that of *Bacerra*. Like *Bacerra*, Plaintiff alleges that he is the victim of knowingly false information shared by colleagues. Also like *Bacerra*, the alleged falsehoods were made in retaliation for filing EEO complaints and prompted the denial of Plaintiff's security clearance. That Plaintiff's revocation of his security clearance was the product of a routine periodic review—as opposed to a security check instigated by the false information as in *Bacerra*'s case—does not alter the analysis. *Bacerra* instructs this Court that it is without jurisdiction to review challenges to Defendants' decisions to revoke Plaintiff's security clearance even where, as here, it is based on alleged knowing falsehoods and claimed retaliation for filing EEO complaints. *Bacerra*, 94 F.3d at 149. Thus, this Court cannot review Defendants' decision to revoke Plaintiff's security clearance which constitutes the singular ground for his Title VII retaliation claim. The Court must, therefore, dismiss Plaintiff's Complaint. A separate order will follow.

                                                                          /S/
                                              PAULA XINIS
                                              United States District Judge